## MASON v. NEW YORK STEAM-POWER CO. et al.

(Circuit Court, S. D. New York. May 19, 1898.)

JURISDICTION OF CONTROVERSY—NONRESIDENT DEFENDANTS — MOTION TO SET ASIDE SUBPŒNA AND SERVICE.

Where the court would have jurisdiction to decide the controversy as to a nonresident defendant who cannot be compelled to litigate, if he should waive his personal privilege and appear, a service of the subpœna upon him must be set aside, on his motion, but the subpœna itself will not be set aside.

Arthur H. Masten, for complainant.
Stephen G. Clarke, for defendants Moore and others.
Roger Foster, for defendant Synnott.

LACOMBE, Circuit Judge. Defendants Moore and Synnott reside in, and are inhabitants of, the state of New Jersey. Moore apparently was served with the summons. He now moves to set aside such service and to set aside the subpœna. Synnott apparently has not been served. He moves to set aside the subpœna. Complainant is a citizen, inhabitant, and resident of Connecticut.

I am not satisfied that this action is within the provisions of section 738, Rev. St. U. S. The nonresident defendants, therefore, cannot be constrained to litigate in this court, and for that reason the service of the summons on Moore must be set aside. The right to object to the jurisdiction of this court, however, is a purely personal privilege of the nonresident defendants, which they, or either of them, may waive. The court would have ample jurisdiction to decide the controversy, so far as they were concerned, if they should decide to waive their personal privilege and appear. For that reason, while service of the subpœna upon them will be set aside, the motion to set aside the subpœna itself as to them should be denied.

The other questions raised upon motion for receiver may best be disposed of at final hearing; and, in view of the admissions as to some of the irregularities charged in the bill, injunction may meanwhile be continued.